**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HENOK ARAYA <br> 908 New Hampshire Avenue, NW #400 <br> Washington, DC 20037 <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A. <br> 1111 Polaris Parkway <br> Columbus, OH 43240 <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> *    Civil Action No. _____ <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>NOTICE OF REMOVAL</u>

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by its attorneys, BUCKLEY KOLAR LLP, hereby removes the above-captioned action, Case No. 08-CA-0002985-B, currently pending in the Superior Court of the District of Columbia, Civil Division, to the United States District Court for the District of Columbia. Removal is based on 28 U.S.C. § 1332(a) (diversity jurisdiction). As grounds for removal, Chase states the following:

### BACKGROUND

1. Plaintiff Henok Araya ("Plaintiff") commenced this action on or about April 17, 2008, by filing a complaint (the "Complaint") with the Civil Clerk of the Superior Court of the District of Columbia (the "State Court Action"). The State Court Action was assigned Case Number 08-CA-0002985-B.

2.     Removal to this Court is proper.  Pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), this Notice of Removal is being filed in the United States District Court for the District of Columbia, which is the federal district court embracing the state court where the State Court Action was filed.

3.     Removal is timely.  The Complaint was first received by service upon a Chase employee on April 23, 2008.  Receipt of the summons and Complaint was the first notice of the State Court Action or federal jurisdiction received by Chase.  This Notice of Removal is being filed with the United States District Court for the District of Columbia on May 13, 2008, within thirty days after receipt by Chase of the State Court Action Complaint.  *See* 28 U.S.C. § 1446(b).

4.     This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

5.     All other procedural requirements have been met.

(a)     Attached hereto as **Exhibit A** is a copy of all process, pleadings and orders served upon Chase in the State Court Action, namely, the summons, Complaint and Initial Order and Addendum.  *See* 28 U.S.C. § 1446(a).

(b)     Attached hereto as **Exhibit B** is a copy of the Notice of Filing of Notice of Removal that Chase will file with the Civil Clerk of the Superior Court of the District of Columbia, and will promptly serve upon Plaintiff *pro se*.

### STATUTORY REQUIREMENTS FOR DIVERSITY JURISDICTION

6.     Removal is warranted pursuant to 28 U.S.C. § 1332(a), which confers jurisdiction to federal courts where the amount in controversy exceeds $75,000, exclusive of interest and costs, where all of the plaintiffs are citizens of different states from all defendants.

Plaintiff and Chase are Completely Diverse

7.      Diversity of citizenship exists between the parties if, at the time of the filing of the State Court Action and at the time of the filing of this Notice of Removal, all plaintiffs are citizens of a different state from all defendants. 28 U.S.C. § 1332(a). This requirement is easily satisfied in this case.

8.      Plaintiff, the only named plaintiff in this matter, is a citizen of the District of Columbia. *See Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984) (holding that individual's citizenship under diversity jurisdiction "relat[es] to the domiciles of the parties," which is "determined by two factors: physical presence in a state, and intent to remain there for an unspecified or indefinite period of time." Plaintiff lists his address in the caption of the State Court Action Complaint as 908 New Hampshire Avenue, NW, Washington, DC 20037.

12.     As a federally-charted National Bank with its principal place of business and corporate headquarters at 1111 Polaris Parkway, Columbus, OH 43240, Chase is a citizen of Ohio, and has been since the State Court Action was filed. *See* 28 U.S.C. § 1348 (providing that national banks are "deemed citizens of the States in which they are respectively located"); *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S.Ct. 941, 945 (2006) (holding that a "national bank is a citizen of the State in which its main office, as set forth in its articles of association, is located," notwithstanding the location of branch offices in other states).

13.     Chase is not and never has been a citizen of the District of Columbia, where the State Court Action was brought. *See* 28 U.S.C. § 1441(b).

14.     The Complaint and Summons include the handwritten names of two individuals who do not appear to be parties to this action, and about whom no allegations are made. The

undersigned has confirmed with the Civil Clerk's Office of the Superior Court of the District of Columbia that Plaintiff is the only named plaintiff and that Chase is the only named defendant in the State Court Action. For the convenience of the court, attached hereto as **Exhibit C** is a copy of the docket for the State Court Action, listing the parties.

14.     Accordingly, the citizenship of the sole plaintiff is different from the citizenship of Chase, the only named defendant in this case. Thus, the parties are completely diverse.

The Amount in Controversy Exceeds $75,000

15.     The amount in controversy standard is met if the plaintiff's claims exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

16.     The allegations in the Complaint put far more than $75,000 in controversy. Specifically, Plaintiff requests damages of $260,000.

17.     Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

**WHEREFORE**, this action should proceed in the United States District Court for the District of Columbia, as an action properly removed thereto.

Respectfully submitted,

Matthew P. Previn (Bar No. 460228)
Andrew R. Louis (Bar No. 476722)
BUCKLEY KOLAR LLP
1250 24th Street, NW, Suite 700
Washington, DC  20037
Tel:    (202) 349-8000
Fax:    (202) 349-8080
e-mail: mprevin@buckleykolar.com
e-mail: alouis@buckleykolar.com
*Attorneys for Defendant,*
JPMORGAN CHASE BANK, N.A.

Dated: May 13, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 13, 2008, a copy of the above and foregoing was electronically filed in this case and was duly served upon plaintiff *pro se* by first class mail, postage prepaid, to the following:

Henok Araya
908 New Hampshire Ave, NW #400
Washington, DC  20037
*Plaintiff Pro Se*

Matthew P. Previn

# EXHIBIT A

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Henok Araya

*Plaintiff*

Civil Action No. 08-0002.75

VS.

JPMorgan Chase Bank, N.A.

*Defendant*

5920 16th St NW      David Lawson
Washington DC 20018   800 Connecticut NW
                      Washington DC 20006
### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Henok Araya

Name of Plaintiff's Attorney

908 New Hampshire Av. NW Suite 400

Address

Washington DC 20037

2024521332

Telephone

By _____

Deputy Clerk

Date    APR 17 2008

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-451/Mar. 78    NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Henok ARAYA    *Plaintiff*

908 New Hampshire Avenue 400
Washington DC 20037

CIVIL Action No. [ ]
08-0002783

RECEIVED
Civil Clerk's Office

APR

Superior Court of the
District of Columbia
Washington, D.C.

JP MORGAN CHASE BANK, N.A.    *Defendants*

Kevoric W McHenry
5929 16th St N W
Washington Dc 20012

**COMPLAINT**

1. Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

JPMorgan Chase Bank, N.A. Received my mortgage payment in November 2007. But, Failed to apply it into my account. But, reported negative credit or 9 days late payment into credit reporting companies. My credit score dropped from 708 to high 500's. Thus terminating my great credit history and essentially halting my real-estate investments. I am requesting damages of $260,000.

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 260000 with interest and costs.

Phone: [ ]

**DISTRICT OF COLUMBIA,** SS

HENOK ARAYA

being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-offs and just grounds of defense.

(Plaintiff / Agent)

Subscribed and sworn to before me this [ ] day of April [ ]

FORM CV-1013/Nov. 09

(Notary Public/Deputy Clerk)
Chang Ho Chai
Notary Public District of Columbia
My Commission Expires 8/14/09





## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

HENOK ARAYA
   Vs.                                                  C.A. No.    2008 CA 002985 B
JP MORGAN CHASE BANK, N.A.

### INITIAL ORDER AND ADDENDUM

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

    (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                   Chief Judge Rufus G. King, III

Case Assigned to: Judge NATALIA COMBS GREENE
Date:  April 17, 2008
Initial Conference: 9:00 am, Friday, July 25, 2008
Location: Courtroom 217
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

                                                      Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

**EXHIBIT B**

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| HENOK ARAYA | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| JPMORGAN CHASE BANK, N.A. | * |
| | * |
| Defendant. | * |
| | * |

Civil Action No. 08-CA-0002985-B

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**NOTICE OF FILING OF NOTICE OF REMOVAL**

**TO:**   **The Clerk of the Court, Civil Division**
**Superior Court of the District of Columbia**

   **PLEASE TAKE NOTICE** that, on May 13, 2008, defendant JPMorgan Chase Bank,

N.A., filed a Notice of Removal of this action in the United States District Court for the District

of Columbia.  A true and correct copy of the Notice of Removal is attached hereto as Exhibit A.

This Notice has been served upon plaintiff *pro se* in compliance with 28 U.S.C. § 1446.

   **PLEASE TAKE FURTHER NOTICE** that the filing of such Notice of Removal in the

United States District Court for the District of Columbia and the filing of this Notice with the

Clerk of the Civil Division of the Superior Court of the District of Columbia effect the removal

of this action.  Pursuant to 28 U.S.C. § 1446(d), the above-captioned action may proceed no

further unless and until the case is remanded.

1

Respectfully submitted,

_Matthew P. Previn_ (DC Bar No. 460228)
Andrew R. Louis (DC Bar No. 476722)
BUCKLEY KOLAR LLP
1250 24th Street, NW, Suite 700
Washington, DC 20037
Tel:    (202) 349-8000
Fax:    (202) 349-8080
e-mail: mprevin@buckleykolar.com
e-mail: alouis@buckleykolar.com

*Attorneys for Defendant,*
JPMORGAN CHASE BANK, N.A.

Dated: May 13, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 13, 2008, a copy of the above and foregoing was duly served upon plaintiff *pro se* by first class mail, postage prepaid, to the following:

Henok Araya
908 New Hampshire Ave, NW #400
Washington, DC 20037
*Plaintiff*

Matthew P. Previn

**EXHIBIT C**

## 2008 CA 002985 B ARAYA, HENOK Vs. JP MORGAN CHASE BANK, N.A.

| | | | | |
|---|---|---|---|---|
| **File Date** 04/17/2008 | | **Case Status** Open | | **Case Status Date** 04/17/2008 |
| | | **Case Disposition** Undisposed | | **Case Disposition Date** |

### Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|---|---|---|---|---|
| ARAYA, HENOK | | PLAINTIFF | PRO SE | |
| JP MORGAN CHASE BANK, N.A. | | Defendant | | |

### Case Schedule

| Date | Start Time | Event Type | Result |
|---|---|---|---|
| 07/25/2008 | 09:00 AM | Initial Scheduling Conference-60 | |

### Financial Entries

| Receipt # | Date | Received From | Amount Paid |
|---|---|---|---|
| 101700 | 04/17/2008 | ARAYA, HENOK | 130.00 |

| Payment | | Fee | |
|---|---|---|---|
| Cash | 130.00 | Cost | 120.00 |
| Change | -10.00 | | |

### Docket Entries

| Date | Text |
|---|---|
| 04/29/2008 | Proof of Service Method : Service Issued Issued : 04/18/2008 Service : Summons Issued Served : 04/23/2008 Return : 04/29/2008 On : JP MORGAN CHASE BANK, N.A. Signed By : Scott R. Dyer Reason : Proof of Service Comment : Tracking #: 5000047144 |
| 04/29/2008 | Affidavit of Service of Summons & Complaint on JP MORGAN CHASE BANK, N.A. (Defendant); |
| 04/18/2008 | Issue Date: 04/18/2008 Service: Summons Issued Method: Service Issued Cost Per: $ JP MORGAN CHASE BANK, N.A. 5929 16TH STREET NW WASHINGTON, DC 20018 Tracking No: 5000047144 |
| 04/17/2008 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 07/25/2008 Time: 9:00 am Judge: COMBS GREENE, NATALIA Location: Courtroom 217 |
| 04/17/2008 | Complaint for Negligence Filed Attorney: PRO SE (999999) HENOK ARAYA (PLAINTIFF); Receipt: 101700 Date: 04/17/2008 |

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|

**I (a) PLAINTIFFS**

Henok Araya

*1/001*

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    District of Columbia
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Henok Araya, Plaintiff Pro Se
908 New Hampshire Avenue, NW #400
Washington, DC  20037

**DEFENDANTS**

JPMorgan Chase Bank, N.A.    *88888*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

Case: 1:08-cv-00830
Assigned To : Collyer, Rosemary M.
Assign. Date : 5/13/2008
Description: Pro Se General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O  1 U.S. Government
      Plaintiff

O  2 U.S. Government
      Defendant

O  3 Federal Question
      (U.S. Government Not a Party)

⊙  4 Diversity
      (Indicate Citizenship of
      Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)  **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊙ 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | ⊙ 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| O  A.  *Antitrust* | O  B.  *Personal Injury/ Malpractice* | O  C.  *Administrative Agency Review* | O  D.  *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | **Any nature of suit from any category may be selected for this category of case assignment.**<br><br>*(If Antitrust, then A governs)* |

| O  E.  *General Civil (Other)* | | OR | ⊙  F.  *Pro Se General Civil* |
|---|---|---|---|

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☒ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ◉ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
Not listed in complaint; Plaintiff alleges misapplication of payments.   28 USC 1332

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 260,000   Check YES only if demanded in complaint   JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY** p.s.   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE May 13, 2008   SIGNATURE OF ATTORNEY OF RECORD _[signature]_ counsel for Defendant

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.