# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HENOK ARAYA | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 08-CV-00830-RMC |
| v. | * | |
| | * | |
| JPMORGAN CHASE BANK, N.A. | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Defendant JPMorgan Chase Bank, N.A. ("Chase")[1], by its attorneys and pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), hereby moves to dismiss Plaintiff Henok Araya's ("Plaintiff") Complaint for failure to state a claim upon which relief can be granted or, in the alternative, for a more definite statement. In support of this Motion, Chase relies upon the arguments set forth in the Memorandum of Law in Support of Defendant's Motion To Dismiss Or, In The Alternative, For A More Definite Statement filed contemporaneously herewith and incorporated herein.

For the reasons more fully set forth in the accompanying Memorandum of Law in Support of Defendant's Motion To Dismiss Or, In The Alternative, For A More Definite Statement, Chase respectfully requests that all claims be dismissed or, in the alternative, that Plaintiff be required to provide a more definite statement of his claims.

---

[1] JPMorgan Chase Bank, N.A. is not a properly named defendant in this action. Chase Home Finance LLC, an indirect subsidiary of JPMorgan Chase Bank, N.A., originated and services the mortgage loan at issue. Chase will assume that the allegations were intended to be made against Chase Home Finance LLC.

Respectfully submitted,


_____/s/_____

Matthew P. Previn (Bar No. 460228)
Andrew R. Louis (Bar No. 476722)
BUCKLEY KOLAR LLP
1250 24th Street, NW, Suite 700
Washington, DC  20037
Tel:     (202) 349-8000
Fax:     (202) 349-8080
e-mail: mprevin@buckleykolar.com
e-mail: alouis@buckleykolar.com
*Attorneys for Defendant*
*JPMORGAN CHASE BANK, N.A.*

Dated: May 20, 2008


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 20, 2008, a copy of the foregoing filed electronically through the Court's ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via U.S. Mail, postage pre-paid, to those indicated as non-registered participants.


_____/s/_____

Matthew P. Previn

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| HENOK ARAYA | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 08-CV-00830-RMC |
| v. | * | |
| | * | |
| JPMORGAN CHASE BANK, N.A. | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**
**OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Plaintiff Hanok Araya's ("Plaintiff") Complaint is devoid of any cause of action against Defendant JPMorgan Chase Bank, N.A. ("Chase")[1] entitling him to relief, and therefore must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  In the alternative, Plaintiff should be required to amend his complaint to include a more definite statement of his claims pursuant to Federal Rule of Civil Procedure 12(e).

**BACKGROUND**

Plaintiff, acting *pro se*, commenced this action on or about April 17, 2008, by filing a complaint (the "Complaint") in the Superior Court of the District of Columbia.  On May 13, Chase properly and timely removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

---

[1] JPMorgan Chase Bank, N.A. is not a properly named defendant in this action.  Chase Home Finance LLC, an indirect subsidiary of JPMorgan Chase Bank, N.A., originated and services the mortgage loan at issue.  Chase will assume that the allegations were intended to be made against Chase Home Finance LLC.

The Complaint alleges, in its entirety:

> JPMorgan Chase Bank, N.A. Received my mortgage payment in November 2007. But, Failed to apply it into my account. But, reported negative credit or 90days late payment into credit reporting companies. My credit score dropped from 708 to high 500's. Thus terminating my great credit history and essentially halting my real-estate investments. I am requesting damages of $260,000.

Complaint.

## ARGUMENT

Plaintiff's Complaint must be dismissed because it contains no cause of action to which Chase can respond, and therefore fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

The Supreme Court recently clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6), noting that Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atlantic Corp. v. Twombly*, ---U.S. ----, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). While *pro se* complaints are held to a less stringent pleading standard than complaints drafted by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gray v. Poole*, 275 F.3d 1113, 1116 (D.C. Cir. 2002), "[a] *pro se* complaint, like any other, must state a claim upon which relief can be granted by the court." *Caldwell v. District of Columbia*, 901 F. Supp. 7, 10 (D.D.C. 1995) (citing *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981)). Thus, even when proceeding *pro se*, the plaintiff's complaint must be detailed enough to "give the defendant

fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 127 S. Ct. at 1965.

Plaintiff's Complaint, in contrast, contains no cause of action or claim against Chase. While the Complaint includes allegations about the application of funds and reporting of credit information, Plaintiff has not stated what legal claims he is asserting as a result of these allegations. As such, the Complaint also fails to allege any elements that could make up a claim or cause of action. It would be antithetical to Rule 8(a) to require Chase to guess what Plaintiff's causes of action are. Accordingly, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6).

In the alternative, and for the reasons set forth above, Chase respectfully moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Rule 12(e) motions will be granted if a complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. . . ." FED. R. CIV. P. 12(e). When a complaint is not sufficient to give a party fair notice of what plaintiff's claim is and the grounds upon which such claims, a motion for more definite statement is appropriate. *Gilbert v. Chertoff*, No. 05-CV-2128, 2006 WL 2793169, *2 (D.D.C. Sept. 28, 2006) (requiring more definite statement where the complaint "lacks the required specificity to enable defendant to understand the precise nature of the claims against him"). Plaintiff's Complaint is devoid of any cause of action against Chase. Chase cannot adequately respond to such a Complaint, nor can it assert a proper defense to Plaintiff's claims, whatever they might be. Accordingly, before Chase is required to respond to the Complaint, Plaintiff should be required to provide a more definite statement with the specificity required to enable Chase to understand the precise nature of the claims against it.

Such information will allow Chase to properly defend itself in this matter and will promote the efficient adjudication of Plaintiff's action.

## CONCLUSION

For the reasons set forth above, Chase respectfully requests that all claims be dismissed or, in the alternative, that Plaintiff be required to provide a more definite statement of his claims.

Respectfully submitted,

_____/s/_____

Matthew P. Previn (Bar No. 460228)
Andrew R. Louis (Bar No. 476722)
BUCKLEY KOLAR LLP
1250 24th Street, NW, Suite 700
Washington, DC 20037
Tel:    (202) 349-8000
Fax:    (202) 349-8080
e-mail: mprevin@buckleykolar.com
e-mail: alouis@buckleykolar.com
*Attorneys for Defendant,*
*JPMORGAN CHASE BANK, N.A.*

Dated: May 20, 2008

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 20, 2008, a copy of the foregoing filed electronically through the Court's ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via U.S. Mail, postage pre-paid, to those indicated as non-registered participants.

_____/s/_____

Matthew P. Previn

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

HENOK ARAYA                                    *
                                               *
                  Plaintiff,                   *
                                               *     Civil Action No. 08-CV-00830-RMC
v.                                             *
                                               *
JPMORGAN CHASE BANK, N.A.                       *
                                               *
                  Defendant.                   *
                                               *
*      *      *      *      *      *      *      *      *      *      *      *      *

**[PROPOSED] ORDER GRANTING DEFENTDANT'S MOTION TO DISMISS OR, IN
THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

On consideration of the Motion to Dismiss Or, In The Alternative, For A More Definite

Statement filed by Defendant JPMorgan Chase Bank, N.A., the Memorandum of Law in support

thereof, the law and the entire record herein, and finding that good cause exists, it is hereby

**ORDERED** that

A.      the Motion to Dismiss be and it hereby is GRANTED, and that Plaintiff's

Complaint be dismissed in its entirety;

OR

B.      the Motion for a More Definite Statement be and it hereby is GRANTED, and

that Plaintiff is hereby required to submit a more definite statement, including the causes of

action he seeks to assert within ten (10) days of the issuance of this order, as required by Fed. R.

Civ. P. 12(e).

Dated: _____, 2008        _____

                                                Hon. Emmet G. Sullivan
                                                United States District Judge

**<u>Serve:</u>**

Henok Araya, *pro se*
908 New Hampshire Avenue, NW #400
Washington, DC  20037
*Plaintiff*

Matthew P. Previn, Esq.
Kirk D. Jensen, Esq.
BUCKLEY KOLAR LLP
1250 24th Street, N.W., Suite 700
Washington, DC  20037
*Counsel for Defendant JPMorgan Chase Bank, N.A.*